IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KELLI M. CAMPBELL**, | |
| Plaintiff, | Civ. No. 2:16-cv-02011-MC |
| v. | OPINION AND ORDER |
| **CARRINGTON MORTGAGE SERVICES LLC** as servicer; **AMERICAN BANK, A FEDREAL SAVINGS BANKS** as investor; **ROBINSON & TAIT, PS** as trustee; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** as nominee; DOES 1 THROUGH 25, | |
| Defendants. | |

**MCSHANE, Judge**:

Defendants Carrington Mortgage Services, LLC ("Carrington") and Mortgage Electronic registration Systems, Inc. ("MERS") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. Defendant Robinson Tait, P.S. join in the motion. ECF No. 12. Plaintiff Kelli M. Campbell, proceeding *pro se*, seeks injunctive relief against a non-judicial foreclosure and declaratory judgment that MERS and any lender by assignment from MERS lacks the legal capacity to foreclose. For the reasons that follow, Defendants' motions are GRANTED and Campbell's claims are DISMISSED.

1 – OPINION AND ORDER

## BACKGROUND

Kelli Campbell and John Campbell signed a Promissory Note and Deed of Trust to secure a loan to purchase real property on May 15, 2008. Campbell subsequently defaulted on the loan. The parties to the Deed of Trust were as follows: Kelli Campbell and John Campbell, Borrowers; American Bank, Lender; United General Title Insurance, Trustee; and MERS, "beneficiary." Def.'s Request, Ex. 1, ECF No. 11. On January 22, 2016, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loan Servicing, LP, assigned the Deed of Trust to Carrington Mortgage Services, LLC. Def.'s Request, Ex. 7, ECF No. 11. Carrington then appointed Robinson Tait, PS. as trustee to conduct a non-judicial foreclosure on the property.

The Complaint was originally filed in the State of Oregon Umatilla County Circuit Court. Defendants removed to Federal District Court. The Complaint (ECF No. 1) lays out seven claims: (1) a claim for declaratory relief that MERS lacks standing to bring foreclosure actions; (2) a claim for violations of the Fair Debt Collection Practices Act; (3) a claim for slander of title; (4) a claim to quiet title; (5) a claim for breach of a trustee's duty of good faith and fair dealing; (6) a claim requesting equitable relief; and (7) a claim seeking to vacate the forthcoming trustee sale.

As noted, defendants moved to dismiss the complaint. Plaintiff did not respond and the time to do so has passed. Although a failure to respond may be construed as a concession, I address the merits of defendants' motions, in part, because pro se plaintiffs are afforded greater leniency than other litigants. *Cano v. Baldwin*, No. 91-171-FR, 1991 WL 57030, at *1 (D. Or. Apr. 10, 1991); citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

Plaintiff's first claim seeks a declaratory judgment that MERS "is not the mortgagee, owner or assignee of the beneficial interest in the Foreclosing Trust Deed and therefore lacks authority to foreclose." Compl. ¶ 61. MERS, however, is not involved in the foreclosure of plaintiff's property. Bank of America, N.A. assigned their beneficial interest of the Deed of Trust to Carrington who then executed a substitution of trustee to Robinson Tait,PS. Robinson Tait, PS is the entity seeking to foreclose on plaintiff's property. Because MERS is not involved with the foreclosure process, there is no justiciable controversy between plaintiff and MERS. Because there is no controversy of adverse legal interests between the two parties, the Court does not

3 – OPINION AND ORDER

have constitutional authority to issue an opinion on their respective rights. *Brown v. Oregon State Bar*, 648 P.2d 1289, 1292 (1982). This claim is dismissed.

Plaintiff's second claim alleges violations of the FDCPA against MERS and Carrington. Compl. ¶¶ 63-95. Plaintiff's complaint is a mere recitation of the elements of the cause of action and fails to identify specific conduct that she claims violates the FDCPA. The allegations also concern a non-judicial foreclosure, conduct which is not debt collection under the FDCPA. *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002). The claim is dismissed.

Plaintiff's third claim alleges slander of title against MERS and Carrington. There is no allegation, however, that defendants published slanderous words, or special damages such as a loss of a sale, essential elements to a cause of action for slander of title in Oregon. *Shenefield v. Axtell*, 274 Or. 279, 282-3 (1976). The claim is dismissed.

Plaintiff's fourth claim is for quiet title against all Defendants. Plaintiff bases her claims for Quiet Title on the premise that the Note has been split from the Deed of Trust, and is therefore unenforceable. Compl. ¶ 106. Because under Oregon law a Deed of Trust follows the Note and a deed of trust is assigned by operation of law whenever a note holder transfers its interest in a note to another party, the Plaintiff's premise is incorrect. The Note has not been split from the Deed of Trust. *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668 (2013). Courts will treat the lender (American Bank) as the true beneficiary. *Niday v. GMAC Mortg., LLC*, 353 Or. 648, 660 (2013). This claim is dismissed.

Plaintiff's fifth claim is for breach of good faith and fair dealing. Compl. ¶ 111. A duty of good faith and fair dealing exists for effectuating the reasonable contractual expectations of the parties. *Pacific First Bank v. New Morgan Park Corp.*, 319 Or. 342, 351 (1994). An essential element is a claim that a party deprived another of an expected contractual benefit. *Id*. Plaintiff's

4 – OPINION AND ORDER

complaint does not identify what contractual benefits plaintiff was deprived. Foreclosure is contractually allowed when there has been a failure to pay on the loan. Foreclosure is not a deprivation of a contractual benefit, but the exercise of a benefit by the Trustee. The claim is dismissed.

Plaintiff's sixth claim seeks equitable remedy through declaratory or injunctive relief seeking to have the property vested in plaintiff's name. The property is already in her name. What plaintiff is really asking is for the court to void the Note and Deed of Trust. Because enforcing one's rights to foreclose under a Deed of Trust is well within Oregon law when the borrower is in default of the loan (ORS 86.764) plaintiff has failed to allege a basis in equity for the court to cancel the written instruments. See, *Dixon v. Simpson*, 130 Or. 211, 224 (1929). The claim is dismissed. Finally because there is no alleged basis for the court to vacate the Trustee Sale, plaintiff's seventh claim is dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 10, and Defendants' Motion for Joinder, ECF No. 12, are GRANTED. Plaintiff's claims are DISMISSED with prejudice. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, otherwise this action will be dismissed with prejudice.**

IT IS SO ORDERED.

DATED this 11th day of January, 2017.

                                                /s/ Michael J. McShane
                                                **Michael J. McShane**
                                           **United States District Judge**