IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLI M. CAMPBELL**,

    Plaintiff,

v.

**CARRINGTON MORTGAGE SERVICES LLC** as servicer; **AMERICAN BANK, A FEDREAL SAVINGS BANKS** as investor; **ROBINSON & TAIT, PS** as trustee; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** as nominee; **DOES 1 THROUGH 25**,

    Defendants.

Civ. No. 2:16-cv-02011-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff's initial complaint was dismissed on Defendants' Rule 12(b)(6) motion to dismiss with leave given to Plaintiff to file an amended complaint. Opinion & Order, ECF No. 13. Plaintiff subsequently filed a First Amended Complaint ("FAC") which raises new claims for breach of contract and promissory estoppel while removing the previously stated claims. FAC;

1 – OPINION AND ORDER

ECF No. 16. Before this Court now is a motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) submitted by Defendants Carrington Mortgage Services, LLC ("Carrington") and Mortgage Electronic registration Systems, Inc. ("MERS"). ECF No. 19. In addition to their motion to dismiss Defendants request judicial notice under Fed. R. Evid. 201(b)(2) of several real property records and one Oregon Judicial Case record. ECF No. 20. Defendant Robinson Tait, P.S. joins in the motion. ECF No. 21 & 22. Plaintiff Kelli M. Campbell, proceeding *pro se*, did not respond and the time to do so has passed. Although a failure to respond may be construed as a concession, I address the merits of defendants' motions, in part, because pro se plaintiffs are afforded greater leniency than other litigants. *Cano v. Baldwin*, No. 91-171-FR, 1991 WL 57030, at *1 (D. Or. Apr. 10, 1991); citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Because the First Amended Complaint fails to state a claim upon which relief may be granted, Defendants' Motion to Dismiss, ECF No. 19, is GRANTED. Plaintiff's claims are DISMISSED with prejudice. Defendants' Request for Judicial Notice, ECF No. 20, and Defendant Robinson Tait's motions for joinder, ECF No. 21 & 22, are GRANTED.

## BACKGROUND

Kelli Campbell and John Campbell signed a Promissory Note and Deed of Trust to secure a loan to purchase real property on May 15, 2008. Campbell subsequently defaulted on the loan. The parties to the Deed of Trust were as follows: Kelli Campbell and John Campbell, Borrowers; American Bank, Lender; United General Title Insurance, Trustee; and MERS, "beneficiary." Def.'s Request, Ex. 1, ECF No. 11. On January 22, 2016, Bank of America, N.A (Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loan Servicing, LP) assigned the Deed of Trust to Carrington Mortgage Services, LLC. Def.'s Request, Ex. 7, ECF

No. 11. Carrington then appointed Robinson Tait, PS. as trustee to conduct a non-judicial foreclosure on the property. The non-judicial foreclosure sale has not yet occurred and is set-over pending the resolution of this case. Plaintiff's First Amended Complaint alleges: (1) breach of contract, and (2) promissory estoppel, while seeking relief in the form of compensatory damages, an order determining rights in the property, a preliminary injunction halting foreclosure, and other monetary awards and relief. FAC pp. 7-8, ECF No. 16.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. In resolving a motion to dismiss for failure to state a claim, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Ashcroft*, *supra*, 556 U.S. at 689. "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012). If the complaint is dismissed, leave to amend should be granted unless the court

"determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Requests for Judicial Notice

When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. South Bay Beer Distributors Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). A court may, however, properly take judicial notice of: 1) material which is included as part of the complaint or relied upon by the complaint; and 2) matters in the public record. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688–69 (9th Cir.2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Evid. 201(d); *Mullis v. U.S. Bankr.Court for Dist. of Nevada,* 828 F.2d 1385, 1388 n. 9 (9th Cir.1987). Plaintiff did not respond to the request for judicial notice and has not challenged the authenticity of the documents. In addition, exhibits 1 through 9 are appropriate for judicial notice under Fed. R. Evid. 201. To the extent necessary to rule on the pending motions, the Court takes judicial notice of the exhibits.

### II. Breach of Contract

In her breach of contract claim, Plaintiff claims that the defendants are threatening to foreclose her property and refusing to abide by an "obligation to explore options to avoid

4 – OPINION AND ORDER

foreclosure." FAC 1, ECF No. 16. Plaintiff claims that under the mortgage contract Defendants are obligated to abide by Federal and Oregon law and allow Plaintiff to modify her loan in some manner. FAC 6, ECF No. 16.

Legal obligations are to be found in the federal or Oregon statutes or in the contractual terms agreed to between plaintiff and defendants. Sometimes the required terms of a contract are dictated by statute; for example, Oregon's Residential Landlord and Tenant statute Chapter 90 obligates a residential landlord with certain responsibilities towards a tenant. The law does not however obligate a residential landlord to re-negotiate the terms of a lease if a tenant is no longer able to pay the rent. Here Plaintiff's Complaint asserts a broad legal conclusion, but fails to point to a specific federal or state law that obligates a loan provider to re-visit the terms of a mortgage if a mortgagee is no longer able to make monthly payments. The Court will not craft plaintiff's complaint for them. If there is a statutory obligation owing to the plaintiff, she has the duty to draft it in their complaint.

The complaint also fails to identify a contractual term within the mortgage or Note which would require defendants to modify the terms of the loan. While plaintiff's complaint alleges the existence of a contract between plaintiff and defendant Carrington[1], the complaint does not allege the relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to plaintiff. *See, Slover v. Oregon State Bd. Of Clinical Social Workers*, 144 Or. App. 565, 570 (1996) (Listing requirements for pleading a claim for breach of contract). Finally, the loan agreement (Request for Judicial Notice, Ex. 1, Deed of Trust; ECF No. 20) provides defendant with the right to foreclose should plaintiff default on their loan. Because the Complaint does not adequately state a claim for breach of contract, the claim is DISMISSED.

---

[1] There is no allegation that a contract exist between plaintiff and the other defendants.

5 – OPINION AND ORDER

### III. Promissory Estoppel

A claim for promissory estoppel must show four elements: (1) a promise; (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred; and (3) actual reliance on that promise; (4) resulting in a substantial change in position. *Neiss v. Ehlers*, 135 Or App 218, 223 (1995). Plaintiff's promissory estoppel claim alleges that Defendant Carrington promised that it would not proceed with foreclosure and that it would abide by the requirements under applicable laws that are available to Plaintiff. Defendant Carrington further encouraged Plaintiff with false promises for modification. FAC 7, ECF No. 16. Plaintiff's complaint does not specify what conduct was induced by the alleged promises, how plaintiff relied on those promises, or what substantial change or harm occurred as a result. There is no allegation that Plaintiff took action detrimental to herself as a result of a promise to not foreclose or a promise to modify Plaintiff's loan. The risk of foreclosure is a result of Plaintiff's failure to make payments on her mortgage and Defendants executing their contractual right of remedy. Without more there is no cognizable claim that the alleged promises caused the pending foreclosure.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 19, and Request for Judicial Notice, ECF No. 20, and Defendants' Motions for Joinder, ECF No. 21 & 22, are GRANTED. Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 18th day of April, 2017.

\_\_\_\_/s/ Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

6 – OPINION AND ORDER